

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/11

# T|W|G

## Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Ariel Y. Graff**
agraff@twglaw.com

December 27, 2010                                                                                     DEC 2 9

**BY FACSIMILE**

The Honorable Richard J. Holwell
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10004

        Re:    *Weinstein v. TicketNetwork, Inc., et al.*, No. 10-CV-8253 (RJH)

Dear Judge Holwell:

As Your Honor is aware, we represent Defendant TicketNetwork, Inc. ("TicketNetwork") in the above-referenced action. We write, pursuant to Rule 3(a) of Your Honor's Individual Practices and Fed. R. Civ. P. 12(a), to respectfully request a pre-motion conference on TicketNetwork's anticipated motion, pursuant to Fed. R. Civ. P. 12(b), to dismiss the Complaint by Plaintiff Andrea Weinstein and a putative class ("Plaintiff") in its entirety and with prejudice, as set forth in greater detail below.

I.    **BACKGROUND**

    A.  **TicketNetwork's Business Model**

TicketNetwork owns and operates *TicketNetwork Exchange*, an online marketplace for buyers to locate and purchase live-event tickets directly from independent sellers on the secondary market. TicketNetwork also operates *TicketNetwork Direct*, which is a service sold by TicketNetwork to brokers to re-sell tickets on the *TicketNetwork Exchange*. TicketNetwork sells the *TicketNetwork Direct* service to professional ticket sellers, allowing them to post and update their own self-acquired inventory on the *TicketNetwork Exchange*. The *TicketNetwork Exchange* gives buyers access to the inventory of thousands of ticket resellers, including both professional sellers and individuals. At any time, the *TicketNetwork Exchange* can contain upwards of seven million different tickets offered for sale by third-party sellers.

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

The Honorable Richard J. Holwell
December 27, 2010
Page 2

### B. Plaintiff's Complaint

As set forth in the Complaint, Plaintiff alleges that she sought to purchase two tickets online for "*A Little Night Music*" at the Walter Kerr Theatre in Manhattan. (*See* Compl. ¶ 74). After finding the website *walterkerrtheatre.com* through a Google internet search, Plaintiff followed a link titled "more info and tickets," which led her to the website *newyorkcitytheatre.com*, which, in turn, allowed her to purchase two tickets to the performance she wished to attend, at a total cost of $249.60. (*Id.* ¶¶ 76-81). Plaintiff thereafter received an email from *TicketSupport@ticketnetwork.com*, informing her that "*Up Front Premium Source*" could be contacted for information regarding the status of her ticket order, and Plaintiff later received a telephone call directly from *Up Front Premium Source* regarding the processing of her payment. (*Id.* ¶¶ 81-82). However, Plaintiff alleges that upon delivery of the tickets, she "realized for the first time that the face value of the [t]ickets was only $79," that she had not purchased them directly from the Walter Kerr Theatre, and that neither of these facts were purportedly disclosed to her at the time of purchase. (*Id.* ¶¶ 83-84).

Plaintiff asserts two purported causes of action on the basis of these allegations. First, Plaintiff claims that TicketNetwork violates N.Y. ARTS & CULT. AFF. LAW art. 25 ("ACAL") by purportedly: (i) operating as an "unlicensed ticket reseller" in violation of ACAL § 25.13; and (ii) failing to provide information concerning the face value of tickets on its websites in violation of ACAL § 25.13. (*See* Compl. ¶¶ 108-15). Second, Plaintiff maintains that TicketNetwork violates N.Y. GEN. BUS. LAW ("GBL") § 349 by purportedly engaging in deceptive and misleading business practices, *viz.*: (i) allowing "unlicensed ticket resellers to anonymously sell tickets to places of entertainment in New York;" (ii) without disclosing the face value of tickets at the time of purchase; and by (iii) owning and operating the websites *walterkerrtheatre.com* and *newyorkcitytheatre.com* in a manner that purportedly misleads consumers into "believing that they are purchasing tickets from the Walter Kerr Theatre." (*See* Compl. ¶¶ 117-24). Plaintiff seeks monetary damages and injunctive relief on behalf of herself and a putative class in connection with both claims.

## II.  BASIS FOR DISMISSAL

### A. Plaintiff's State Law Claims Against TicketNetwork Are Preempted by the Federal Communications Decency Act

The Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230, creates a federal immunity from any cause of action that would make providers or users of an "interactive computer service" liable for information origination with a third-party user of the service. In this case, Defendants' *TicketNetwork Exchange* – which provides a secure online marketplace for buyers to locate and purchase live-event tickets directly from independent sellers on the secondary market – clearly constitutes an "interactive computer service"

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

The Honorable Richard J. Holwell
December 27, 2010
Page 3

under the CDA. Moreover, the descriptions of tickets posted for sale through the *TicketNetwork Exchange* – including any alleged omissions of ticket face value and seller identity information, (which are the apparent gravamen of Plaintiff's claims)[1] – are generated by third-party users, rather than by TicketNetwork. Accordingly, the CDA's immunity provisions preempt Plaintiff's claims against TicketNetwork in this case, warranting dismissal of the Complaint in its entirety.[2]

### B.  Plaintiff has Failed to Allege a Cognizable Violation of ACAL § 25

Even if Plaintiff's claims were not preempted by the CDA, ACAL § 25.13 itself explicitly exempts TicketNetwork – which provides a platform for third-party brokers and consumers to engage in the resale and purchase of tickets – from its licensing requirement, as the Complaint apparently concedes. *See* ACAL § 25.13 ("*Any operator or manager of a website that serves as a platform to facilitate resale . . . solely between third parties and does not in any other manner engage in resale of tickets to paces of entertainment shall be exempt from the licensing requirements of this section.*"); *see also* (Compl. ¶¶ 34, 37, 49-51). Accordingly, Plaintiff has failed to state a cognizable claim against TicketNetwork for violation of ACAL § 25, and the first cause of action should be dismissed.

### C.  Plaintiff has Failed to State a Claim Under GBL § 349

Plaintiff cannot assert a viable claim against TicketNetwork under GBL § 349 for engaging in the precise form of conduct that is expressly permitted by the controlling statute, ACAL § 25. Moreover, even if Plaintiff's GBL claim was not preempted by the CDA (which it is), and even if Plaintiff could maintain such a claim on her own behalf (which she cannot), the claim could not properly be certified on behalf of the putative class in this case, as a determination of whether any alleged deceptive acts are materially misleading would necessitate the resolution of individual issues that would overwhelm common questions of law and fact. Accordingly, even if Plaintiff's individual claim under GBL § 349 is not dismissed on grounds of preemption and/or for failure to state a claim, allegations concerning the putative class claim should be stricken, and the individual claim dismissed without prejudice to refilling in state court.

---

[1]  Plaintiff's erroneous claim that TicketNetwork owns and operates the websites *walterkerrtheatre.com* and *newyorkcitytheatre.com* can be readily dispelled on the basis of judicially noticeable facts for purposes of TicketNetwork's anticipated motion to dismiss.

[2]  It should be noted that a suit involving similar state-law claims against TicketNetwork by the Attorney General of the State of New Jersey was recently dismissed on the basis of CDA preemption. *See Dow v. Orbitz Worldwide, LLC and TicketNetwork, Inc.*, No. ESX-C-142-09 (N.J. Super. Ct. Ch. Div. Aug. 26, 2010).

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

The Honorable Richard J. Holwell
December 27, 2010
Page 4

Thank you for Your Honor's consideration.

Respectfully submitted,

*Ariel Graff*

Ariel Y. Graff

cc: Randall S. Newman, Esq. (*Counsel for Plaintiff*)

A pre-motion conference is scheduled for February 9, 2011 at 10:00 AM.

SO ORDERED

RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE
1/11/11