UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------X
ANDREA WEINSTEIN,                                           :
                                                            :
                              Plaintiff,                    :   No. 10-CV-8253 (RJH)
                                                            :
              - against -                                   :
                                                            :
TICKETNETWORK, INC.; and JOHN DOES 1-50,                    :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT TICKETNETWORK, INC.'S MOTION TO DISMISS THE COMPLAINT

THOMPSON WIGDOR & GILLY LLP

Scott B. Gilly
Ariel Y. Graff
85 Fifth Avenue
New York, NY 10003
Tel: (212) 257-6800
Fax: (212) 257-6845
sgilly@twglaw.com
agraff@twglaw.com

*COUNSEL FOR DEFENDANT TICKETNETWORK, INC.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ........................................................................................................................................ 1

    I.   COUNT I OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE TICKETNETWORK IS NOT SUBJECT TO THE ACAL .................................................. 1

    II.  PLAINTIFF CANNOT STATE A CLAIM AGAINST TICKETNETWORK FOR PURPORTEDLY "AIDING AND ABETTING" VIOLATIONS OF THE ACAL .......................... 3

    III. PLAINTIFF'S GBL § 349 CLAIM SHOULD BE DISMISSED FOR FAILURE TO ALLEGE ANY "MATERIAL" DECEPTION OR COGNIZABLE INJURY ..................................... 5

    IV. THE COMPLAINT SHOULD BE DISMISSED FOR THE ADDITIONAL REASON THAT PLAINTIFF'S STATE LAW CLAIMS AGAINST TICKETNETWORK ARE BARRED BY THE CDA ................................................................................................................ 8

CONCLUSION .................................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ............................................................................................. 2, 8

*Beckles v. Bennett*,
    No. 05-CV-2000 (JSR), 2008 WL 821827 (S.D.N.Y. Mar. 26, 2008) ..................... 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... 2

*Bildstein v. MasterCard Int'l Inc.*,
    329 F. Supp. 2d 410 (S.D.N.Y. 2004) ........................................................................ 7

*Chiste v. Hotels.com L.P.*,
    No. 08-CV-10676 (CM), 2010 WL 4630317 (S.D.N.Y. Nov. 15, 2010) ................. 7

*Conley v. Gibson*,
    355 U.S. 41 (1957) ........................................................................................................ 2

*Dow v. Orbitz Worldwide, LLC and TicketNetwork, Inc.*,
    No. ESX-C-142-09 (N.J. Super. Ct. Ch. Div. Aug. 26, 2010) ................................. 9

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*,
    521 F.3d 1157 (9th Cir. 2008) ................................................................................. 10

*Hishon v. King and Spalding*,
    467 U.S. 69 (1984) ....................................................................................................... 2

*Kirk v. Heppt*,
    532 F. Supp. 2d 586 (S.D.N.Y. 2008) ........................................................................ 5

*Marcus v. AT&T Corp.*,
    138 F.3d 46 (2d Cir. 1998) .......................................................................................... 6

*Murawski v. Pataki*,
    514 F. Supp. 2d 577 (S.D.N.Y. 2007) ........................................................................ 9

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
    85 N.Y.2d 20 (N.Y. 1995) ............................................................................................ 6

*Samiento v. World Yacht Inc.*,
    10 N.Y.3d 70 (N.Y. 2008) ........................................................................................... 7

*Sands v. Ticketmaster-New York, Inc.*,
    207 A.D.2d 687 (1st Dep't 1994) .................................................................................. 6

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (N.Y. 1999) ............................................................................................. 8

*Smith v. New York City Police Dept.*,
    No. 06-CV-15436 (JSR)(KNF), 2010 WL 423039 (S.D.N.Y. Feb. 4, 2010) ......................... 4

*Sokoloff v. Town Sports Int'l Inc.*,
    778 N.Y.S.2d 9 (1st Dep't 2004) ................................................................................... 8

*Vasile v. Dean Witter Reynolds Inc.*,
    20 F. Supp. 2d 465 (E.D.N.Y. 1998) .............................................................................. 5

*Zeran v. Am. Online, Inc.*,
    129 F.3d 327 (4th Cir. 1997) ........................................................................................ 9

**STATUTES AND OTHER AUTHORITIES**

47 U.S.C. § 230, Communications Decency Act of 1996 (West 2011) ......................................... 8, 9

HON. LORRAIN CORTES-VASQUEZ, NEW YORK STATE DEPARTMENT OF STATE, REPORT ON TICKET RESELLING AND ARTICLE 25 OF THE ARTS & CULTURAL AFFAIRS LAW (Feb. 1, 2010) ............................... 9

N.Y. Arts & Cult. Aff. Law § 25.07(2) (West 2011) ..................................................................... 4

N.Y. Arts & Cult. Aff. Law § 25.13 (West 2011) ..................................................................... 1, 4

N.Y. Arts & Cult. Aff. Law § 25.23 (West 2011) ..................................................................... 1, 2

N.Y. Gen. Bus. Law § 349 ...................................................................................................... 5, 6

Defendant TicketNetwork, Inc. ("Defendant" or "TicketNetwork") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Complaint of Plaintiff Andrea Weinstein, on behalf of herself and a putative class (collectively, "Plaintiff").  As set forth below and in TicketNetwork's Initial Brief ("Initial Br."), the Complaint and underlying documents relied upon and incorporated by reference therein[1] demonstrate that Plaintiff has failed to allege a plausible entitlement to relief on either of the asserted claims.

**ARGUMENT**

**I.     COUNT I OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE TICKETNETWORK IS NOT SUBJECT TO THE ACAL**

As set forth in TicketNetwork's Initial Brief, the N.Y. Arts & Cultural Affairs Law provides that persons "engage[d] in the business of reselling any tickets to a place of entertainment" must first "procure[] a license or certificate . . . from the secretary of state." N.Y. Arts & Cult. Aff. Law ("ACAL") § 25.13 (West 2011).  Among other restrictions applicable to ticket resale "licensees," the ACAL provides that licensees who resell their tickets through the Internet must include the original "face value" prices of their tickets, or a hyperlink to that information, alongside their posted resale prices.  *See id.* § 25.23.  However, the ACAL also creates an explicit *exemption* from its licensing requirement and other restrictions applicable to non-exempt ticket-resale licensees: "Any operator or manager of a website that serves as a platform to facilitate resale, or resale by way of a competitive bidding process, solely between third parties and does not in any other

---

[1]     Plaintiff does not dispute that the documents annexed to the Declaration of Ariel Y. Graff in Support of TicketNetwork's Motion to Dismiss (ECF No. 15) ("Graff Decl.") are incorporated by reference in her Complaint and properly considered by the Court in support of TicketNetwork's motion to dismiss.  (*See* Initial Br. at 3-5, nn.1-2; *see also, e.g.*, Graff Decl. Exs. 2-4, 6).

1

manner engage in resales of tickets to places of entertainment *shall be exempt from the licensing requirements of this section.*" *Id.* (emphasis added).

Here, Plaintiff's cause of action against TicketNetwork for purported violations of ACAL § 25.23 is fatally defective because TicketNetwork — as a website that facilitates ticket resales between third parties, as opposed to being a ticket reseller itself — is exempt from the licensing requirement and associated "licensee" restrictions under ACAL. However, despite conceding that her Complaint merely invokes a litany of conclusory assertions to support the baseless proposition that TicketNetwork is, itself, a ticket-reseller — and thus outside the scope of the exemption created by ACAL § 25.13 — Plaintiff nonetheless claims that the "Court must accept all of the Complaint's allegations as true," including her "conclusory assertions" as to TicketNetwork's status as a ticket reseller. (*See* Plaintiff's Opp'n Mem. ("Pl. Br. \_") at 9-10 (citing Compl. ¶¶ 1, 68, 72, 95-96, 99); *see also* Compl. ¶¶ 73, 111, 124; Initial Br. at 8-9)). But contrary to Plaintiff's mischaracterization of the pleading standard under Rule 12(b)(6), the Supreme Court has made clear that: "Rule 8 . . . does *not* unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted) (emphasis added).[2] Rather, where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" a complaint should be dismissed. *Id*. at 1950 (internal quotations omitted). Accordingly, because Plaintiff admits that her claims against TicketNetwork under ACAL are predicated solely on speculation and conjecture, apart from

---

[2] Plaintiff's opposition fails to address *Iqbal* at all, and instead mistakenly invokes the "no set of facts" standard — which the Supreme Court characterized as having "earned its retirement" as a "best forgotten" and "incomplete, negative gloss on an accepted pleading standard" in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) — as the applicable standard on TicketNetwork's motion to dismiss. (*See* Pl.'s Br. at 8 (citing *Conley v. Gibson*, 355 U.S. 41, 46 (1957); *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984))).

2

any allegations of fact, the Complaint necessarily precludes any inference beyond "the mere possibility" based on nothing more than the bare allegation that TicketNetwork is somehow engaged in non-exempt conduct under ACAL. *See* (Pl.'s Br. at 10) ("*The fact that the Plaintiff did* not *purchase the tickets at issue from TicketNetwork does not mean that TicketNetwork is not anonymously reselling tickets to other [unidentified] persons.*"). Plaintiff has thus failed to allege a plausible entitlement to relief against TicketNetwork for violations of ACAL, and Count I of the Complaint should be dismissed.

## II. PLAINTIFF CANNOT STATE A CLAIM AGAINST TICKETNETWORK FOR PURPORTEDLY "AIDING AND ABETTING" VIOLATIONS OF THE ACAL

Plaintiff further claims that even if TicketNetwork is not, itself, subject to ACAL, the Complaint nevertheless states a purported claim for derivative liability against TicketNetwork because TicketNetwork allegedly "is intentionally aiding and abetting" violations of ACAL § 25.13 by third party ticket resellers. (*See* Pl.'s Br. at 12). Specifically, Plaintiff maintains that TicketNetwork operates an online platform that enables third-party ticket brokers to resell tickets "anonymously" (*i.e.*, without disclosing their individual identities at the time of sale).[3] (*See id.*). As noted in TicketNetwork's Initial Brief, however, neither ACAL § 25.13, nor any other provision of the statute, mandates disclosure of the identities of resellers who use TicketNetwork's online platform as Plaintiff mistakenly claims. (*See* Initial Br. at 10 n.6). Rather ACAL § 25.13 requires that ticket resellers be licensed, and specifically exempts businesses like TicketNetwork — which merely facilitate ticket resales between third parties — from this requirement. Thus, Plaintiff's "aiding"

---

[3] Plaintiff's opposition also claims that TicketNetwork aids violations of ACAL because its online platforms purportedly "do not allow" resellers to disclose original, face-value ticket prices at the time of sale (*see* Pl.'s Br. at 13). TicketNetwork expressly denies this conclusory and utterly false assertion. Nevertheless, because no such allegation appears in the Complaint, it is, in any event, immaterial to the resolution of this dismissal motion.

3

theory fails because TicketNetwork cannot be held liable for aiding brokers to "anonymously" resell tickets, conduct that ACAL does not prohibit in the first instance.

Moreover, even if ACAL § 25.13 actually required that resellers disclose their identities at the time of sales facilitated by TicketNetwork's online platform (which it does not), Plaintiff's attempt to impose derivative liability here would ran afoul of the express exemption that § 25.13 creates for TicketNetwork, as "a platform to facilitate resale" of tickets online.[4]

Finally, Plaintiff's attempt to overcome the absence of an ACAL prohibition against TicketNetwork's alleged aiding or facilitation of online ticket resales — by attempting to interpose New York Penal Law § 20 ("Criminal liability for conduct of another") into ACAL's private right of action (*See* Pl.'s Br. at 11-13) — is wholly without merit.  Indeed, even if TicketNetwork *did* facilitate ticket sales by brokers "engage[d] in conduct which constitutes a violation" of ACAL for purposes of Penal Law § 20 — notwithstanding that, as noted above, ticket resellers are *not* required to disclose their identities at the time of sale under ACAL § 25.13 — "an individual *cannot* bring a private cause of action for alleged criminal violations" of state law.  *Smith v. New York City Police Dept.*, No. 06-CV-15436 (JSR)(KNF), 2010 WL 423039, at *5 (S.D.N.Y. Feb. 4, 2010) (citation omitted) (emphasis added),

---

[4]   Consistent with the carefully calibrated statutory design of ACAL, although § 25.13 exempts TicketNetwork from its licensing requirement and other obligations that the statute imposes on "licensees," this exemption does not extend to, *e.g.*, ACAL § 25.07(2), which provides that "*any* person, firm or corporation, *regardless of whether or not licensed* under this article, that resells tickets *or facilitates* the resale . . . of tickets between independent parties by *any* means" must provide certain guarantees to purchasers. (emphasis added).  Plaintiff does not dispute that TicketNetwork is in compliance with this provision.  *See generally* http://www.ticketnetwork.com/security.aspx ("At TicketNetwork.com, we offer a 125% Money Back Guarantee*, if: [i] Your order is accepted by, but not delivered by the seller; [ii] Your order is accepted by, but shipped too late by the seller for the tickets to arrive in time for the event; [or iii] You were denied entry because of the tickets or invalid tickets were provided by the seller.*").

*adopted*, 2010 WL 2008839 (S.D.N.Y. May 17, 2010); *Beckles v. Bennett*, No. 05-CV-2000 (JSR), 2008 WL 821827, at *19 (S.D.N.Y. Mar. 26, 2008) (citations omitted).[5]

Thus, Plaintiff's purported claim against TicketNetwork for "aiding" violations of ACAL fails because: (i) Plaintiff does not allege an actual violation of ACAL in the first instance; (ii) ACAL does not prohibit and, to the contrary, creates an explicit exemption for TicketNetwork's facilitation of resellers' online ticket sales; and (iii) Plaintiff cannot expand the private right of action for "violations" of ACAL under § 25.33 by reference to the New York Penal Law. Accordingly, Count I of the Complaint should be dismissed in its entirety with prejudice.

### III. PLAINTIFF'S GBL § 349 CLAIM SHOULD BE DISMISSED FOR FAILURE TO ALLEGE ANY "MATERIAL" DECEPTION OR COGNIZABLE INJURY

Plaintiff asserts that TicketNetwork "misled [her] into believing that she was purchasing tickets on the primary market from the Walter Kerr Theatre," and further opines that the "least sophisticated consumer does not understand the difference between the primary ticket market and the secondary ticket market and would likely assume that they are purchasing tickets directly from the Walter Kerr Theatre." (Pl.'s Br. at 17). But, the Court of Appeals has made clear that the touchstone for an actionable "deceptive" practice under General Business Law ("GBL") § 349 is *not* whether the *least sophisticated* consumer would be deceived. Rather, an act is "deceptive" under the statute only if it is

---

[5] *See also Kirk v. Heppt*, 532 F. Supp. 2d 586, 591 (S.D.N.Y. 2008) (dismissing private action for "scheme to defraud" offense "[b]ecause neither the New York State legislature nor any New York court has interpreted [Penal Law] § 190.60 as providing a private cause of action"); *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 477 (E.D.N.Y. 1998) ("It is an elementary concept inherent in this nation's governmental structure and rooted in separation of powers principles that the investigation and prosecution of criminal laws is delegated to the executive branch and the appropriate law enforcement agency . . . ."), *aff'd*, 205 F.3d 1327 (2d Cir. 2000).

5

"likely to mislead a *reasonable* consumer acting *reasonably* under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 26 (N.Y. 1995); *Marcus v. AT&T Corp.,* 138 F.3d 46, 64 (2d Cir. 1998) (emphasis added). Moreover, a plaintiff cannot state a GBL § 349 claim if an allegedly deceptive practice was fully disclosed, as was the case here. *See* (Initial Br. at 11-13 (citing, *inter alia*, *Sands v. Ticketmaster-New York, Inc.,* 207 A.D.2d 687 (1st Dep't 1994) (dismissing GBL § 349 claim where allegedly deceptive "excessive" ticket fees were fully disclosed)).

Indeed, Plaintiff has utterly failed to demonstrate that a reasonable consumer acting reasonably would nevertheless believe that the tickets Plaintiff purchased from Up Front Premium Ticket Source through the newyorkcitytheatre.com website were being purchased directly from the Walter Kerr Theatre rather than an independent ticket reseller.[6] Plaintiff does not dispute that these very facts were fully and repeatedly disclosed to her. For example:

- The website "walterkerrtheatre.com" features an "[i]mportant note" on its home page informing visitors that: "*We are in no way associated with or authorized by the Walter Kerr and neither that entity nor any of its affiliates have licensed or endorsed us to sell tickets, goods and or services in conjunction with their events,*" and emphasizes that because "*prices are determined by the individual ticket seller, the prices for tickets may be above or below face value*" (Graff Decl. Ex. 2; *accord* Ex. 3 at 2);

---

[6] Although the Court of Appeals requires an objective test to determine whether a practice is "deceptive" under GBL § 349, it should also be noted that Plaintiff fails to plausibly demonstrate that she was subjectively deceived as alleged in the Complaint. Thus, whereas the Complaint alleges that Plaintiff only discovered the alleged deception upon her receipt of the tickets by mail (*see* Compl. ¶ 84), the Complaint also acknowledges that Plaintiff had previously received an email from TicketNetwork confirming her ticket purchase from Up Front Premium Ticket Source and advising her to contact her "seller's office" directly for information concerning the delivery of her order. (*See id.* ¶ 81; Graff Decl. Ex. 7). And, Plaintiff further admits that she communicated with Up Front Premium Ticket Source by both telephone and email prior to receiving her tickets, further undermining the plausibility of her newly asserted "belief" that that her tickets were being purchased directly from Walter Kerr Theatre on the primary market. (*See* Compl. ¶ 82).

- The "About Us" page on newyorkcitytheatre.com states that: "*Tickets are sold at above face value*" (*id.* at Ex. 4);

- The "Frequently Asked Questions" page on newyorkcitytheatre.com states that: "*Tickets on sale through the site are supplied by the leading ticket broker in the country . . . . Tickets are sold at above face value*" (*id.* at Ex. 6); and

- The first paragraph of the "Terms and Conditions" that Plaintiff expressly accepted before purchasing her tickets through newyorkcitytheatre.com reiterates that: "*newyorkcitytheatre.com acts as an intermediary between buyers and ticket sellers . . . to facilitate the purchase and sale of event tickets, and as such is not directly involved in the actual ticket sale transaction between the buyers and TICKET SELLERS*" (*id.* at Ex. 5).

Plaintiff similarly fails to demonstrate that the asserted "deception" was misleading in a "material respect" as required to state a claim under GBL § 349. *See*, *e.g.*, *Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004) ("[A] material claim is one that involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product.") (citations and internal quotations omitted). The Complaint does not allege that Plaintiff would have declined to purchase her tickets, or otherwise altered her conduct in any respect, if the specific ticket face values had been disclosed by the third party ticket reseller in some way beyond the disclosure of "above face value" prices made throughout the entity's website. *See Samiento v. World Yacht Inc.*, 10 N.Y.3d 70, 81 (N.Y. 2008) (dismissing GBL § 349 claim where plaintiffs could not demonstrate that "customers suffered a detriment by agreeing to pay the service charges, the automatic gratuities, or the added gratuities"); *Chiste v. Hotels.com L.P.*, No. 08-CV-10676 (CM), 2010 WL 4630317, at *11 (S.D.N.Y. Nov. 15, 2010).[7]

---

[7] Plaintiff's other claimed "deception" — namely, that TicketNetwork purportedly "mislead[s] consumers about ticket prices by not providing consumers with information regarding the Establish Price at the time of [re]sale" (Pl.'s Br. at 17) — likewise does not satisfy the materiality threshold because Plaintiff does not allege that the disclosure of such

Finally, Plaintiff's GBL § 349 claim also fails because, as set forth in TicketNetwork's Initial Brief, Plaintiff does not allege an injury that is separate and distinct from the alleged material deception. (*See* Initial Br. at 14-15 (citing, *inter alia*, *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (N.Y. 1999) (plaintiff may not assert "deception as both act and injury"); *Sokoloff v. Town Sports Int'l Inc.*, 778 N.Y.S.2d 9, 10-11 (1st Dep't 2004)). Rather, Plaintiff continues to conflate her alleged injury and alleged material deception. (*Compare* Pl.'s Br. at 14 ("*Plaintiff alleges two injuries, lack of information and higher prices.*"), *with id.* at 17 ("*TicketNetwork does not disclose a seller's identity at the time of sale*"), *and id.* (*TicketNetwork "mislead[s] consumers about ticket prices by not providing consumers with information regarding the Established [Face-Value] Price at the time of sale*")). As such, Plaintiff fails to plead this essential element of her GBL claim.

Count II of the Complaint therefore should be dismissed based on Plaintiff's failure to demonstrate a plausible entitlement to relief on the essential elements of her GBL § 349 claim, including the existence of any (i) deceptive practice, (ii) "material" deception, or (iii) cognizable injury.

### IV. THE COMPLAINT SHOULD BE DISMISSED FOR THE ADDITIONAL REASON THAT PLAINTIFF'S STATE LAW CLAIMS AGAINST TICKETNETWORK ARE BARRED BY THE CDA

Plaintiff advances only two, completely untenable arguments in an effort to overcome the immunity from state law claims that the Communications Decency Act of 1996, 47 U.S.C. § 230 ("CDA") creates for businesses, such as TicketNetwork, that operate interactive computer services to facilitate sales transactions between third parties. *See* 47

---

information would have impacted her decisions in any respect. Moreover, this alleged deception is utterly conclusory and thus insufficient to defeat a motion to dismiss in any event. S*ee Iqbal*, 129 S. Ct. at 1949.

8

U.S.C. § 230 (creating federal immunity to causes of action that would make "provider or user of an interactive computer service" liable for acting as "publisher or speaker" of information posted online "by another information content provider").[8]

First, Plaintiff maintains that because TicketNetwork's alleged "*failure*" to publish information concerning ticket face-value prices and resellers' identities are the gravamen of her Complaint, her claims do not seek to hold TicketNetwork liable for its role as a "publisher or speaker" within the meaning of the CDA. (*See* Pl.'s Br. at 19-20). The proposition is altogether frivolous, however, as both Counts of the Complaint clearly arise out of TicketNetwork's publication of allegedly deficient or incomplete ticket information. Indeed, it would have been impossible for Plaintiff to purchase the tickets at issue in this case if TicketNetwork had not, in fact, acted as a publisher or speaker of online content, as Plaintiff now, incredibly, disputes. Moreover, to the extent that Plaintiff's claims are based on the non-inclusion of certain information among the content published by TicketNetwork, "'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions-such as deciding whether to publish, withdraw, postpone or alter content-are barred' by the CDA" in any event. *See Murawski v. Pataki*, 514 F. Supp. 2d 577, 591 (S.D.N.Y. 2007) (Holwell, J.) (quoting with approval *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997)).

---

[8]    *See also* Initial Br. at 15-17; Graff Decl. Ex. 8 (*Dow v. Orbitz Worldwide, LLC and TicketNetwork, Inc.*, No. ESX-C-142-09 (N.J. Super. Ct. Ch. Div. Aug. 26, 2010) (granting summary judgment for TicketNetwork in action by New Jersey State Attorney General because CDA preempts state law claims); Decl. of Randall S. Newman, Ex. A (Hon. Lorraine Cortes-Vasquez, Secretary of State, New York, REPORT ON TICKET RESELLING AND ARTICLE 25 OF THE ARTS & CULTURAL AFFAIRS LAW, at 11 (Feb. 1, 2010) ("Website platforms that facilitate ticket resale, but do not engage in the resale itself, are exempted from licensure requirements under section 25.13." (citing *CDA*)).

Plaintiff's second and equally frivolous argument against CDA immunity is that, even if her claims are based on TicketNetwork's role as the publisher or speaker (as they are), TicketNetwork, rather than a third party, was responsible for creating the content at issue and is therefore also an "information content provider" outside the scope of CDA immunity. (Pl.'s Br. 20-21). In particular, Plaintiff asserts that TicketNetwork became a content provider by "specifically design[ing] its software and website to *not allow* sellers to disclose their identity or post the Established Price of tickets" offered for resale among third parties. (Pl.'s Br. at 20) (citing *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1164 (9th Cir. 2008) (holding that CDA immunity did not apply to roommate-matching Internet website that was designed to force subscribers to divulge protected characteristics and discriminatory preferences and to match potential roommates based on criteria prohibited by Fair Housing Act)).[9] Nevertheless, the assertion that TicketNetwork somehow precludes non-exempt ticket resellers from posting information that ACAL requires licensees to disclose is both conclusory and false. More importantly, this claim appears nowhere in the Complaint, and has instead been raised for the first time in Plaintiff's memorandum of law in opposition to dismissal. Thus, it is, in any event, utterly irrelevant to determining the sufficiency of Plaintiff's Complaint under Rule 12(b)(6) and cannot overcome dismissal of the Complaint as barred by the CDA.

---

[9]   *But cf.* 521 F.3d at 1189 n.24 ("Insofar, however, as a plaintiff would bring a claim under state or federal law based on a website operator's passive acquiescence in the misconduct of its users, the website operator would likely be entitled to CDA immunity.").

10

**CONCLUSION**

For all the foregoing reasons and those set forth in its Initial Brief, Defendant TicketNetwork, Inc., respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Dated: May 18, 2011
         New York, New York                                  Respectfully submitted,

                                                             THOMPSON WIGDOR & GILLY LLP

                                                             By: /s/ Scott B. Gilly
                                                                  Scott B. Gilly
                                                                  Ariel Y. Graff

                                                             85 Fifth Avenue
                                                             New York, NY 10003
                                                             Tel:  (212) 257-6800
                                                             Fax: (212) 257-6845
                                                             sgilly@twglaw.com
                                                             agraff@twglaw.com

                                                             *COUNSEL FOR DEFENDANT*
                                                             *TICKETNETWORK, INC.*